UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6615** |
| **FIELDWOOD ENERGY LLC** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendants Fieldwood Energy LLC and Fieldwood Energy Offshore LLC's Motion for Summary Judgment (Doc. 46) and Defendant Wood Group PSN, Inc.'s Motion for Summary Judgment (Doc. 48). For the following reasons, Fieldwood's Motion is GRANTED IN PART, and Wood Group's Motion is GRANTED.

## BACKGROUND

Plaintiff Donald Washington alleges that he was injured when he slipped and fell while working aboard an oil and gas production platform located on the Outer Continental Shelf. Plaintiff was a cook employed by a third-party,

1

Taylors International ("Taylors"), and assigned to the platform VR 272A. Plaintiff alleges that he was injured when he slipped and fell on unsecured stairs while carrying steaks. Plaintiff alleges that Defendants Fieldwood Energy LLC ("Fieldwood") and Fieldwood Energy Offshore LLC are liable to him under the Outer Continental Shelf Lands Act ("OCSLA") as the owner/operator of the platform.

In addition, Plaintiff alleges that Defendant Wood Group PSN, Inc. ("Wood Group") is vicariously liable to him for the negligence of its employees. He alleges that Justin Roberts, an employee of Wood Group working as a production operator on the platform, had prior knowledge that the stairs on which Plaintiff fell were unsecured but nothing was done to repair them.

Defendants Fieldwood and Fieldwood Energy Offshore, LLC have moved for summary judgment, arguing that Plaintiff was a borrowed employee of Fieldwood and thus his exclusive remedy is under the Longshore and Harbor Worker's Compensation Act ("LHWCA"). They also allege that Plaintiff has no basis for finding liability on the part of Fieldwood Energy Offshore, LLC, a wholly owned subsidiary of Fieldwood.

Defendant Wood Group has also moved for summary judgment, arguing that its employee Justin Roberts was a borrowed employee of Fieldwood, and it therefore cannot be vicariously liable for his actions. This Court will discuss each Motion in turn.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

3

necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

**LAW AND ANALYSIS**

I. **Fieldwood's Motion for Summary Judgment**

  A. **Borrowed Employee**

Defendants allege that Plaintiff was a borrowed employee of Fieldwood at the time of his accident and therefore his exclusive remedy arises under the LHWCA, applicable by virtue of OCSLA. They argue that under the LHWCA, Plaintiff cannot bring a tort claim against Fieldwood and his negligence claims must therefore be dismissed. Plaintiff argues that he is not a borrowed employee of Fieldwood.

Whether an individual qualifies as a "borrowed employee" is an issue of law determined by nine separate factors first delineated by the Fifth Circuit in *Ruiz v. Shell Oil Co*. The factors are:

(1) who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation;

(2) whose work is being performed;

(3) was there an agreement, understanding or meeting of the minds between the original and the borrowing employer;

(4) did the employee acquiesce in the new work situation;

(5) did the original employer terminate his relationship with the employee;

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

4

(6) who furnished tools and place for performance;

(7) was the new employment over a considerable length of time;

(8) who had the right to discharge the employee;

(9) who had the obligation to pay the employee.[9]

No single factor or set of factors is determinative in establishing a "borrowed employee" relationship, however the central factor is that of control.[10] The party asserting the borrowed servant relationship, has the burden of proving the relationship.[11] Plaintiff does not contest that factors 4, 6, 7, 8, and 9 weigh in favor of a borrowed employee finding. This Court will consider each of the remaining factors in turn.

1. **Control**

"In considering whether the power exists to control and direct a servant, a careful distinction must be made between authoritative direction and control, and mere suggestion as to details or the necessary co-operation, where the work furnished is part of a larger undertaking."[12] It is undisputed that Plaintiff worked as a cook on Fieldwood's platform preparing food for its workers, doing laundry, and cleaning the living quarters. Plaintiff was the only employee from Taylors on the platform. Plaintiff performed his duties without much instruction and largely went unsupervised. He stuck to a specific set schedule of cleaning and cooking, which he had performed aboard platform VR 272A since even before Fieldwood acquired ownership of it.[13] He

---

[9] *See Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969).
[10] *Brown v. Union Oil Co. of Calif.*, 984 F.2d 674, 676 (5th Cir. 1993).
[11] *Franks v. Assoc'd Air Center, Inc.,* 663 F.2d 583, 587 (5th Cir. 1991).
[12] *Ruiz*, 413 F.2d at 313 (internal quotations omitted).
[13] Plaintiff had worked on the VR 272 A platform for four years prior to his accident for two prior platform owners and a different catering contractor. When Fieldwood acquired

selected the menu and decided what to cook on any given day but often asked for requests from Fieldwood personnel. Occasionally, the time that he served dinner was subject to change depending on the schedules of the Fieldwood employees. Plaintiff worked 14 days on, and 14 days off of the platform; his work schedule was set by Fieldwood.

Defendants argue that they supervised Plaintiff's work and gave him work instructions. They point out that no one from Taylors was on the platform to supervise Plaintiff and that he had little interaction with Taylors personnel. Plaintiff, on the other hand, argues that he required and received little to no instruction or supervision. He argues that there is no evidence showing any actual work instructions or assignments given to him by Fieldwood personnel.

In *Robertson v. W & T Offshore, Inc.*, a court in the Western District of Louisiana found that a cook on a platform was a borrowed employee and that the control factor weighed in favor of such a finding.[14] The facts showed that the plaintiff took instruction and orders from the borrowing employer, W & T Offshore, Inc.[15] He argued, however, that as a skilled cook he controlled his own work pursuant to the instructions he had received from his nominal employer, OSA.[16] The court found this argument unavailing, stating that:

> It is often the case that an employee comes into a job already trained. Following plaintiff's logic, however, any employer who hires a skilled or trained employee would be incapable of fulfilling the control factor. This result is simply untenable, and the Court rejects plaintiff's argument . . . . "[t]his Court does not interpret the control factor to require that the borrowing employer direct

---
the platform, it selected Taylors as its catering contractor and referred Plaintiff to apply to work for Taylors.
[14] *Robertson v. W & T Offshore, Inc.*, 712 F. Supp. 2d 515 (W.D. La. 2010).
[15] *Id.*
[16] *Id.*

6

each and every action taken by the borrowed employee." A borrowing employer is not required to micro-manage a borrowed employee in every assigned task." . . . In the instant case, once he was on W & T's platform, plaintiff performed W & T's work and was under the direct control and supervision of W & T's employees. No OSA employees were aboard the platform during any of plaintiff's hitches, and there is no competent evidence to suggest OSA, in any way, actually maintained control of the plaintiff. Although plaintiff chose what meals to cook and ordered his food and ingredients accordingly, plaintiff admitted he tried to accommodate the W & T personnel whenever possible in that regard. Additionally, W & T directed when meals were to be served.[17]

The court reached a different result, however, in *Mathis v. Union Exploration Partners, Ltd*, in which a court in the Eastern District of Louisiana denied summary judgment stating that there was a material issue of fact as to whether the platform's cook was under *Ruiz* control of the platform operator.[18] In that matter, the plaintiff was the only employee of his actual employer aboard the platform, and he argued that "he was able to perform his work independent from his employer at all times, essentially making him his own boss."[19] He argued that any instructions from the platform operator were "mere suggestions." The court held that the control factor presented a factual issue which precluded summary judgment.[20]

The Court finds that the facts presented here are more in line with *Mathis*. Here, there is an issue of material fact as to whether Fieldwood

---

[17] *Id.* at 529 (quoting *Magnon v. Forest Oil Corp.*, No. 06-0587, 2007 WL 2736612, at *3–4 (W.D. La. Sept. 18, 2007)).

[18] *Mathis v. Union Expl. Partners, Ltd.*, No. 90-2009, 1991 WL 42570, at *2 (E.D. La. Mar. 26, 1991).

[19] *Id.*

[20] *Id.*

7

personnel supervised Plaintiff. The lead operators at Fieldwood, James Pena and John Teer, declared by affidavit that Plaintiff "received his daily work instructions and assignments" from them.[21] Plaintiff testified at his deposition, however, that the lead operators "didn't have to tell" him what to do and that he "knew his job." Accordingly, there is a material issue of fact as to whether Fieldwood gave Plaintiff daily work assignments or instructed him regarding his job. Resolution of this fact issue is crucial to a determination of whether Fieldwood exercised the requisite control for Plaintiff to be considered its borrowed employee. "An issue of fact on one *Ruiz* factor, however, does not preclude 'borrowed employee' status."[22] Accordingly, the Court will consider the remaining, contested *Ruiz* factors.

### 2. Work Performed

Fieldwood contends that Plaintiff was performing Fieldwood's work at all times, including cooking and cleaning for its personnel. Plaintiff argues that while he was cooking and cleaning for Fieldwood, he was actually performing the work of Taylors, its catering contractor. Plaintiff submits that "he was only incidentally performing work for Fieldwood in support of its oilfield operations, while performing the actual work of cooking and cleaning which Taylors had contracted to provide."[23] This Court agrees with Plaintiff. Plaintiff was not performing Fieldwood's oil and gas work, rather he was performing the cooking and cleaning that Taylors had contracted to provide to

---

[21] Docs. 46-4, 46-5.
[22] *Vincent v. Fieldwood Energy, L.L.C.*, No. 14-2885, 2015 WL 6758269, at *3 (E.D. La. Nov. 5, 2015).
[23] Doc. 52, p. 9.

8

Fieldwood.[24] Accordingly, this factor weighs in favor of a finding that Plaintiff is not a borrowed employee.

### 3. Agreement or Understanding

Taylors served as a catering contractor for Fieldwood. The parties entered into a Master Service Agreement, which stated, among other things, that "Contractor [Taylors] shall be, and perform at all times, as an independent contractor; and neither Contractor nor any member of Contractor Group shall be deemed to be subject to the control or direction of Company [Fieldwood] as to the details of the Work."[25] Accordingly, it appears the parties attempted to contractually prevent a borrowed employee finding. "The reality at the worksite and the parties' actions in carrying out a contract, however, can impliedly modify, alter, or waive express contract provisions."[26] The Fifth Circuit has held that such contract language creates an issue of fact as to the third factor, such that summary judgment would be appropriate only when "the remaining factors clearly point to borrowed-employee status."[27]

In addition, Defendants point out another provision of the contract that requires Taylors to endorse its insurance policies to include a borrowed servant endorsement. Defendants argue that this is proof that the parties contemplated that Taylor's employees might become borrowed employees of

---

[24] *Rollans v. Unocal Expl. Corp.*, No. 93-431, 1993 WL 455731, at *2 (E.D. La. Nov. 4, 1993) ("Plaintiff was incidentally performing UNOCAL's work in that he was helping UNOCAL to operate its platform by cooking for the crew. However, Plaintiff was actually performing work for Energy Catering who contracted with UNOCAL to provide offshore catering services."); *But see Robertson v. W & T Offshore, Inc.*, 712 F. Supp. 2d 515, 529 (W.D. La. 2010).

[25] Doc. 52-2.

[26] *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1245 (5th Cir.), amended on reh'g in part sub nom. *Melancon v. Amoco Prods. Co.*, 841 F.2d 572 (5th Cir. 1988).

[27] *Billizon v. Conoco, Inc.*, 993 F.2d 104, 106 (5th Cir. 1993).

Fieldwood. In light of the foregoing, there are material issues of fact as to the agreement or understanding between Fieldwood and Taylors as to Plaintiff's status.

### 4. Termination of Relationship

Fieldwood argues that Plaintiff had little to no interaction with Taylors during his employment on the platform. No other Taylors employees were on the platform and his only contact with Taylors was to confirm receipt of his time sheets, which were sent by supervisors at Fieldwood. The Court finds this factor weighs in favor of a borrowed employee finding.

In conclusion, all but factors one, two, and three weigh in favor of a borrowed employee finding. Factors one and three, however, present material issues of fact such that summary judgment would be inappropriate.[28] A determination of control and the parties' understanding is best left to the fact finder at trial. Defendant's request for summary judgment on the borrowed employee issue is denied.

### B. Fieldwood Energy Offshore, LLC

Defendants next argue that Fieldwood Energy Offshore, LLC is a wholly owned subsidiary of Fieldwood with no employees, and therefore Plaintiff has not assigned any negligence or fault to Fieldwood Offshore Energy, LLC.

---

[28] *See Brown v. Union Oil Co. of California*, 984 F.2d 674, 679 (5th Cir. 1993) ("[C]ontract provision between the two employers weighs against borrowed employee status, and the remaining factors do not overwhelmingly show that Brown was a borrowed employee. Important factual questions need to be resolved, including: (1) Who gave Brown instructions on how and when to clean the platform? (2) What was the agreement or understanding between Union and Gulf Inland regarding borrowed employee status? *See Melancon*, 834 F.2d at 1245 & n. 13. Once these important factual issues have been resolved, the district court must determine, as a matter of law, whether Brown was Union's borrowed employee.").

10

Plaintiff does not oppose the dismissal of Fieldwood Offshore Energy, LLC. Accordingly, all claims against it are dismissed.

## II. Wood Group's Motion for Summary Judgment

In its Motion, Wood Group alleges that its employee, Justin Roberts, is the borrowed employee of Fieldwood and therefore Wood Group cannot be vicariously liable for his negligence. Wood Group alleges that Fieldwood asked it to provide additional production operator personnel to work on the platform and that those workers became the borrowed employees of Fieldwood. "[U]nder the borrowed employee doctrine, an employer will be liable through respondeat superior for negligence of an employee he has 'borrowed,' that is, one who does his work under his supervision and control."[29] In its opposition, Plaintiff argues that there are material issues of fact as to factors one and three of the *Ruiz* test. He does not dispute that the other factors weigh in favor of a borrowed employee finding. Accordingly, this Court will consider factors one and three of the *Ruiz* test to determine whether Roberts is a borrowed employee of Fieldwood.

### A. Control

Wood Group alleges that Fieldwood controlled and supervised Roberts. Roberts testified that he attended daily safety meetings with Fieldwood operators where he received work assignments, training, and directions. He testified that Fieldwood operators often inspected his work or assisted him in completing tasks with which he was unfamiliar. He also admitted that there were no Wood Group operators on the platform and that he only spoke to a

---

[29] *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977).

representative of Wood Group about once a month. Given this testimony, this Court finds that Fieldwood clearly exercised control over Roberts, and this factor weighs in favor of a finding of borrowed employee status.

### B. Agreement or Understanding

Next, Plaintiff points out that the Master Service Agreement between Wood Group and Fieldwood contains identical language to that discussed above. As discussed, such a contract provision may create a material issue of fact unless the "remaining factors clearly point to borrowed-employee status."[30] Here, all eight other factors and Plaintiff's clear deposition testimony weigh in favor of a borrowed employee finding. The reality of the worksite operates as an implied modification of the contract, and the contract therefore does not preclude a borrowed employee finding.[31]

Having found that Justin Roberts was a borrowed employee of Fieldwood, Plaintiff's vicarious liability claims against Wood Group are precluded.

---

[30] *Billizon,* 993 F.2d at 106.
[31] *Melancon*, 834 F.2d at 1245 ("The reality at the worksite and the parties' actions in carrying out a contract, however, can impliedly modify, alter, or waive express contract provisions.").

## CONCLUSION

For the foregoing reasons, Defendant Fieldwood's Motion for Summary Judgment is GRANTED IN PART, and Plaintiff's claims against Fieldwood Energy Offshore LLC are DISMISSED WITH PREJUDICE. Wood Group's Motion for Summary Judgment is GRANTED, and Plaintiff's claims against Wood Group are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 1st day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**