UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6615** |
| **FIELDWOOD ENERGY LLC** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant Wood Group's Motion for Summary Judgment on Plaintiff's Claim (Doc. 105) and Motion for Summary Judgment on Intervenor's Claim (Doc. 104). For the following reasons, Defendant's Motion for Summary Judgment on Plaintiff's claim is GRANTED, and its Motion for Summary Judgment on Intervenor's claim is DENIED AS MOOT.

## BACKGROUND

Plaintiff Donald Washington alleges that he was injured when he slipped and fell while working aboard an oil and gas production platform located on the Outer Continental Shelf. Plaintiff was a cook employed by a third-party,

Taylors International ("Taylors"), and assigned to the platform VR 272A. Plaintiff alleges that he was injured when he slipped and fell on unsecured stairs while carrying steaks. Plaintiff's Complaint alleges that Defendant Fieldwood Energy, LLC ("Fieldwood") is liable to him under the Outer Continental Shelf Lands Act ("OCSLA") as the owner/operator of the platform. Plaintiff's Complaint further alleges that Defendant Wood Group PSN, Inc. ("Wood Group"), an independent contractor of Fieldwood, is vicariously liable to him for the negligence of its employee, Justin Roberts. Plaintiff alleges that Justin Roberts should have known the steps on which Plaintiff fell were unsecured and repaired them. Finally, Liberty Mutual Insurance Company ("Liberty Mutual") has intervened in this matter, seeking recovery of the amounts it paid out on behalf of Washington as the Longshore and Harbor Worker's Compensation Act insurer for Taylors. Liberty Mutual asserts subrogation against any recovery received by Washington in settlement or judgment.

In deciding previous motions, the Court found that there were material issues of fact as to whether Plaintiff was a borrowed employee of Fieldwood. However, it found that Justin Roberts was a borrowed employee of Fieldwood but declined to dismiss Plaintiff's vicarious liability claims against Roberts's nominal employer Wood Group. Fieldwood has since reached settlement with Plaintiff, and only Plaintiff's and Intervenor's claims against Wood Group remain.

The Court now considers two motions filed by Wood Group. In the first, Wood Group moves for summary judgment, holding that its employee Justin Roberts cannot be found to have been negligent because he did not owe or

breach a duty to Plaintiff. In the second, Wood Group argues that Liberty Mutual's subrogation claims should be dismissed because it waived subrogation in the Master Service Agreement between Taylors and Fieldwood. Having found that Defendant is entitled to summary judgment on Plaintiff's claims against it, Liberty Mutual's claims likewise fall and this Court need not address Defendant's arguments thereto.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

3

the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff argues that Wood Group is vicariously liable for the negligence of its employee Justin Roberts in failing to inspect and repair the steps upon which Plaintiff fell. The parties agree that Louisiana law applies to this dispute through OCSLA. Louisiana employs the duty-risk analysis in negligence cases, under which plaintiffs bear the burden to prove that:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

(the scope of liability or scope of protection element); and (5) the actual damages (the damages element).[9]

Both Louisiana courts and federal courts applying Louisiana law routinely grant motions for summary judgment dismissing tort claims when plaintiffs cannot produce evidence of all five elements.[10] Wood Group argues Plaintiff cannot show that Roberts owed him a duty that was breached.

The parties agree that Roberts did not owe Plaintiff a duty beyond the exercise of ordinary care that is owed to the public generally.[11] "[T]he duty imposed upon fellow independent contractors is that imposed on all persons, the exercise of reasonable care."[12] "The duty to exercise reasonable care includes an obligation to refrain from creating an unreasonable risk of harm or a hazardous condition."[13]

Plaintiff argues that Roberts had a duty to discover and correct the unsafe condition of the unsecured stairs that caused Plaintiff's accident.

---

[9] Audler v. CBC Innovis Inc., 519 F.3d 239, 249 (5th Cir. 2008) (quoting Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 633 (La. 2006)).

[10] *See, e.g.*, Brown v. United States, No. 16-8954, 2017 WL 3267337, at *2 (E.D. La. Aug. 1, 2017) (dismissing premises liability claim on summary judgment because plaintiff could produce no evidence that the dangerous condition existed for any length of time or that defendant had notice); Lucas v. United States, No. 16-5009, 2017 WL 1549547, at *4 (E.D. La. May 1, 2017) (Fallon, J.) (dismissing medical malpractice claim on summary judgment when plaintiff could produce no evidence that doctor breached standard of care); Broussard v. Retail Inv'rs of Tex., Ltd., 123 So. 3d 912, 917 (La. App. 3 Cir. 2013) (affirming summary judgment for property owner when plaintiff could not offer evidence of what caused her fall); Jackson v. Home Depot, Inc., 906 So. 2d 721, 726 (La. App. 1 Cir. 2005) (affirming dismissal of negligence claim because plaintiff could not produce evidence that employee struck him).

[11] The parties dispute the law regarding the duty owed between independent contractors that are not in contractual privity. However, given this Court's ultimate decision, it need not address this dispute.

[12] McCarroll v. Seatrax Servs., Inc., No. 12-2402, 2013 WL 3872219, at *4 (E.D. La. July 24, 2013).

[13] Granger v. Marine, No. 15-477, 2016 WL 4697693, at *5 (E.D. La. Sept. 6, 2016).

Notably, he does not allege that Roberts knew that the stairs were unsecured, but rather, that he should have known. Plaintiff argues that the evidence shows that part of Roberts's job on the platform was to maintain its steps. To the contrary, however, Roberts actually testified that inspecting and repairing structural aspects of the platform, such as steps, were not jobs he would ordinarily perform but that, in the past, when he noticed that a set of steps on the platform was not secured, he repaired them.[14] He stated that his job is "making sure everything works on the platform" and "maintain[ing] the equipment."

The testimony of Roberts's supervisor, Person-in-Charge James Pena, supports Roberts's testimony regarding his duties on the platform. In Pena's declaration, he confirms that Roberts was not expected to inspect the platform steps, but rather, was "tasked with making rounds to check equipment as part of [his] daily routine."[15] Plaintiff's position that the term "equipment" should be read to include all of the steps on the platform is unreasonable. Roberts worked as a production operator on an oil and gas production platform, and therefore the term "equipment" is much more reasonably read to include that which is necessary for the production of oil and gas. Plaintiff has not produced any evidence that Roberts had a duty to inspect all of the steps on the platform, and Roberts expressly testified that "inspecting the structural aspects of the platform" was not part of his regular duties.[16] Further, "[t]he duty of reasonable care does not encompass a duty to eliminate a preexisting unsafe

---

[14] Docs.105-5, p.3; 109-2, p.5.
[15] Doc. 105-2.
[16] Doc. 105-5, p.3.

condition present on a work site over which the independent contractor does not exercise control."[17] Finally, the fact that Roberts previously noticed that a set of steps was unsecured and took it upon himself to repair those steps does not make him responsible for all of the steps on the platform. Plaintiff has not established that Roberts owed him a duty that was breached, and therefore, cannot show that Roberts was negligent or that Wood Group was vicariously liable for that negligence.

## **CONCLUSION**

For the foregoing reasons, Wood Group's Motion for Summary Judgment on Plaintiff's claims is GRANTED. Wood Group's Motion for Summary Judgment regarding the Intervenor's Claims is DENIED AS MOOT. This matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 12th day of June, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Granger*, 2016 WL 4697693, at *5.